UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER E. WEBB, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:25 CV 455 CDP |
| CITY OF BRIDGETON, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the Court on review of the file following removal. For the reasons that follow, I will order plaintiff to file a second amended complaint on a Court-provided form and will deny as moot defendant's motion to dismiss the original state-court petition. As the named defendant, "Bridgeton City Hall," is not a suable entity and the City of Bridgeton has entered in its stead, I will direct the Clerk of Court to substitute the City of Bridgeton as the proper party defendant and to update the docket sheet to so reflect.

On January 21, 2025, plaintiff Christopher E. Webb filed this action pro se in the Circuit Court of St. Louis County alleging that while he was peacefully protesting at Bridgeton City Hall on March 9, 2023, he was "attacked and jumped by multiple officers," which caused him physical and mental pain that continues to date. Although Webb named only "Bridgeton City Hall" as a defendant in the caption of his petition, he named Officer Bradley Cash and the Bridgeton Police in

the body of the petition.  (ECF 1-3 at header p. 2.)  Defendant moved to dismiss that petition, asserting that sovereign immunity barred the claims and, further, that the petition failed to state a claim under Missouri law.  (ECF 4.)  In a supplemental pleading filed March 20, 2025, Webb alleged that the attack violated his First Amendment rights to free speech, assembly, and petition, as well as his Fourth Amendment right to be free from unreasonable seizure.  He also alleged that he was falsely arrested.  He again named only "Bridgeton City Hall" as a defendant in the caption of the petition but identified Officer Cash and the Bridgeton Police Department in the body.  (ECF 1-3 at header p. 18.)

Defendant removed the case to this Court on April 7, 2025, invoking federal question jurisdiction under 28 U.S.C. § 1331 given Webb's supplemental allegations that his First and Fourth Amendment rights were violated.

I construe Webb's supplemental pleading as an amended petition and will therefore deny defendant's motion to dismiss directed to the original petition as moot.  My review of the amended petition shows that, although not artfully drafted, Webb has nevertheless alleged facts that may give rise to a plausible cause of action.  Given that he is self-represented in this action, I will direct him to file a second amended complaint on a Court-provided form in accordance with the form's instructions as well as those set forth below.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs . . . should be filed on a Court-provided form where applicable.  If an action is not filed on a Court-provided

form, the Court, in its discretion, may order the self-represented plaintiff . . . to file the action on a Court-provided form.").

Webb must prepare his second amended complaint using a Court-provided form, and he must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. His pro se status does not excuse him from following the Federal Rules of Civil Procedure or the Local Rules of this Court.  *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

Rule 8 requires the plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct.  Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Rule 10(a) requires the plaintiff to name all the parties to the case in the caption of the complaint.  Accordingly, in the "Caption" section of the form complaint, Webb should write the name of <u>all</u> defendant(s) against whom he brings his claims.  Rule 10(b) requires the plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.  For example:  "Count I – First Amendment, Violation of Free Speech, against defendant [name]."  Each count shall then set forth in separate,

- 3 -

numbered paragraphs:   1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that defendant violated; and 3) the relief Webb seeks for the claim (for example, money damages).   **Webb must follow the same format with respect to each claim and defendant**.   In stating the facts of a claim, Webb must describe the conduct he alleges was unlawful and the date(s) such conduct occurred, if known.   Those facts must be asserted in the second amended complaint; cross-reference to other filings or pleadings in the case will not be permitted.

I will direct the Clerk of Court to provide Webb with a Civil Complaint form, and I will give Webb thirty (30) days from the date of this Memorandum and Order to file a second amended complaint on the form provided.   The second amended complaint must be signed under penalty of perjury and completed in accordance with the instructions provided in the form as well as the instructions provided in this Memorandum and Order.   Webb is cautioned that the filing of a second amended complaint completely replaces all earlier filed petitions in this action.   Claims that are not realleged are deemed abandoned.   *E.g.*, *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall substitute "City of Bridgeton" for "Bridgeton City Hall" as the proper party defendant and shall update the caption of the docket sheet to so reflect.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach from the state-court file the handwritten document filed by plaintiff Christopher E. Webb in state court on March 20, 2025 (found at ECF 1-3, header p. 18), and docket that document as plaintiff's "Amended Petition" as of April 7, 2025, the date of removal.

**IT IS FURTHER ORDERED** that defendant Bridgeton City Hall's Motion to Dismiss Plaintiff's Petition [4] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide a Civil Complaint form to plaintiff Webb.

**IT IS FURTHER ORDERED** that **within thirty (30) days of the date of this Memorandum and Order**, plaintiff Webb shall file a second amended complaint on the Court-provided Civil Complaint form in accordance with the instructions set forth in that form and with the instructions set forth in this Memorandum and Order.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of May, 2025.