# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

CHRISTOPHER E. WEBB,

    *Plaintiff,*

v.

CITY OF BRIDGETON, and BRADLEY
CASH,

    *Defendants.*

No. 4:25-cv-00455 MAL

## MEMORANDUM & ORDER

Before the Court is Defendant City of Bridgeton's and Defendant Officer Cash's Partial Motion to Dismiss (Doc. 13). For the following reasons the motion is **GRANTED**.

### I.    Facts & Background

Plaintiff Webb brought this suit against the City of Bridgeton ("City") and Officer Cash for violation of his First, Fourth, Sixth, and Eighth Amendment rights (Doc. 11, p. 1–3). The following facts make up almost the entirety of Webb's Complaint. Webb alleges Officer Cash attacked him multiple times, told him to "shut the Fuck up" while Webb was protesting, chest bumped him to start a physical fight, and attacked Webb with an open hand at his throat. *Id*. at 6. Webb also alleges Cash grabbed his chains and ripped them off his neck while he was being held by a few officers from behind. *Id*. Webb alleges that the City failed to protect him from Officer Cash and allowed Officer Cash to make a false arrest and "tighten[] and retighten[] the cuffs while officers watched." *Id*. Defendants now move for partial dismissal of Webb's Second Amended Complaint.

1

## II.    Webb's Untimely Response

Webb filed an opposition motion over a month out of time (Doc. 15). Defendants urge the Court not to consider the motion because it is untimely (Doc. 16). The Court construes Webb to argue that the motion should be considered because his delay should be excused for "good cause." (Doc. 17, p. 1). Webb argues he has physical and emotional conditions that precluded him from filing on time, in addition to not receiving notification from Defendants of their motion until the deadline to respond had passed. *Id.* at 1–2. Under Federal Rule of Civil Procedure 6(b), the Court may, for good cause, extend time on a party's motion after the time has expired. This determination is "an equitable one, taking account of all relevant circumstances." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010). The Court *will* consider Webb's opposition brief in light of Webb's pro se status and physical and emotional conditions. However, the Court warns Webb that he is now on notice of all filing deadlines, and the Court will more scrupulously consider future motions to extend time.

## III.    Legal Standard

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007)). This standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id.* It is not, however, a "probability requirement." *Id.* A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to

plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556. At this stage, the Court accepts as true the factual allegations in the complaint. *Id.*

Determining if well-pled factual allegations state a "plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The well-pled facts must establish more than a "mere possibility of misconduct." *Id.*

A "pro se document is to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quotation and citation omitted). While pro se complaints are to be liberally construed, "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## IV.    Application of Law to Facts

### A. First, Fourth, Sixth, and Eighth Amendment Violations Against the City

The City of Bridgeton argues that Webb's First, Fourth, Sixth, and Eighth Amendment claims should be dismissed because (1) the facts in the Complaint do not amount to a constitutional violation, and (2) even if Webb adequately alleged constitutional violations, he does not adequately plead a *Monell* claim against the City because he has not stated a basis for liability resulting from an official policy, custom, or failure to train or supervise (Doc. 14, p. 3).

### i.    Legal Standard

42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory…subjects or causes to be subjected, any citizen of the United States…to the deprivation of any

> rights…secured by the Constitution and laws, shall be liable to the party injured in an action at law….

The *Monell* doctrine states that municipalities count as "person[s]" who may be held liable under § 1983 for unconstitutional actions. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 (1978). But "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. "[S]ection 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

### ii.    Application of Law to Facts

The Court agrees that Webb has not adequately alleged a *Monell* violation. Even assuming that Webb adequately alleged constitutional violations, he does not allege that the violations were a result of an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise. *See Mick*, 883 F.3d at 1079; Doc. 11 at 6.

Webb's Memorandum in Opposition states that he adequately alleged a *Monell* claim and cites two news articles (Doc. 17, p. 4). One of the news articles from 2011 describes a lawsuit brought after a physical altercation between Officer Cash and a detainee. *Id.* The other is a news article about a 14-year-old boy having a mental health crisis who Bridgeton police arrested. *Id.*

Even with reference to the news articles, Webb still does not identify whether his *Monell* claim is grounded in an official municipal policy, an unofficial municipal custom, or a deliberate indifference to train or supervise. Webb makes no reference to an official policy, which requires "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). He also makes no reference to an unofficial custom demonstrated by "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees." *Ware v. Jackson Cnty., Mo.*, 150 F.3d 873, 880 (8th Cir. 1998). Webb

4

likewise does not allege a "municipal action was taken with deliberate indifference as to its known or obvious consequences." *Board of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 407 (1997) (internal quotation marks omitted).  Because Webb does not state an adequate *Monell* claim, the Court dismisses his § 1983 claims against the City.

### B.  First, Fourth, Sixth, and Eighth Amendment Official Capacity Violations Against Officer Cash

Officer Cash asks this Court to dismiss the official capacity claims[1] against him because official capacity claims against employees are really claims against the employee's employers, and Webb has not pled a viable claim against the City (*see supra*).  (Doc. 14, p. 4).

### i.  Legal Standard

Official capacity suits are "another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (internal citation omitted).  *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("A suit against a public employee in his or her official capacity is merely a suit against the public employer.").  "Although state officials literally are persons, a suit

---

[1] It is unclear what Officer Cash wishes the Court to do with respect to the individual capacity claims against him.  Officer Cash's Motion for Partial Dismissal asks the Court to dismiss Webb's Second Amended Complaint against the City and Officer Cash in his *official* capacity (Doc. 13 ¶ 2).  Defendants' Memorandum in Support of their Partial Motion to Dismiss asks for dismissal of Webb's First, Sixth, and Eighth Amendment claims because Webb does not plead any underlying constitutional violations, but the Memorandum does not specify whether the Complaint should be dismissed against Officer Cash in his official capacity, individual capacity, both, or just against the City (Doc. 14, p. 2).  Further, Defendants' conclusion in their Memorandum asks for relief "against Defendant Cash in his official capacity," but not in his individual capacity. *Id*. at 6.  Additionally, the parties do not explain *why* they believe that Defendant's allegations do not plead underlying constitutional violations, *e.g.* what element is missing.  Under the principle of party presentation, the Court "rel[ies] on the parties to frame the issues for decision" while the "court[] [plays] the role of neutral arbiter of matters the parties presented." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020); *Ivey v. Audrain Cnty., Missouri*, 968 F.3d 845, 851 (8th Cir. 2020).  This Court only "call[s] balls and strikes; [it] do[esn't] get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025).  Thus, the Court will not create reasoning for why the First, Sixth, and Eighth Amendment claims (much less the Fourth Amendment, which is mentioned even less) do not plead any underlying constitutional violations.

against a state official in his official capacity is no different from a suit against the State itself." *Association for Gov't Accountability v. Simon*, 128 F.4th 976, 978 (8th Cir. 2025) (internal quotation marks omitted). Because here the municipality is the real party in interest, the municipality's policy or custom must have played a part in the constitutional violation. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).

### ii.    Application of Law to Facts

Webb's official capacity claim fails for the same reason his *Monell* claim fails. *See supra.* The Court therefore dismisses his official capacity claims against Officer Cash.

### C. State Law Claims

Defendants argue that—to the extent any of Webb's Second Amended Complaint alleges violations of Missouri law—it fails to state a claim because (1) Missouri does not have a law similar to 42 U.S.C § 1983 giving citizens a private right of action to sue state actors, and (2) the City of Bridgeton and Officer Cash have sovereign immunity from any Missouri common law tort.

### i.    Legal Standard

"The Missouri General Assembly has not enacted similar language" to 42 U.S.C. § 1983. *Moody v. Hicks*, 956 S.W.2d 398, 402 (Mo. Ct. App. 1997). As such, "[t]he law is well-settled that an individual cannot maintain a common law tort action for damages for violations of [] rights guaranteed under the Missouri constitution." *Chen v. Sch. Dist. of Kansas City, Missouri*, 2008 WL 11429382, at *3 (W.D. Mo. Mar. 17, 2008). *See Collins-Camden P'ship, L.P. v. Cnty. of Jefferson*, 425 S.W.3d 210, 214 (Mo. Ct. App. 2014) ("No Missouri precedent exists permitting suits for monetary damages by private individuals resulting from violations of the Missouri Constitution.").

Sovereign immunity bars suit against a government or public entity, *Allen v. 32nd Jud. Cir.*, 638 S.W.3d 880, 886 (Mo. 2022), "unless waived or abrogated or the sovereign consents to suit." *Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921 (Mo. 2016). In Missouri, "sovereign or governmental

6

tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent … modified by statutes in effect prior to that date, shall remain in full force and effect; [except where expressly waived]." Mo. Rev. Stat. § 537.600.1. "Missouri courts have routinely held that sovereign immunity is not an affirmative defense and that the plaintiff bears the burden of pleading with specificity facts giving rise to an exception to sovereign immunity when suing a public entity." *Richardson v. City of St. Louis*, 293 S.W.3d 133, 137 (Mo. Ct. App. 2009).

Along with sovereign immunity, Missouri also applies the doctrine of official immunity. *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. banc 2008). "This judicially-created doctrine protects public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." *Id.*

### ii.    Application of Law to Facts

The Court does not believe that Webb's Complaint alleges any state law claims, *see* Doc. 11 at 3 (expressly listing only federal claims), but to the extent it does, these claims fail. To the extent Webb's allegations are made pursuant to rights protected by the Missouri Constitution, there is no mechanism for individuals to maintain a common law tort claim for damages for constitutional violations.

Further, because the City is a "public entity entitled to sovereign immunity within the meaning of Section 537.600," and Webb has not pled any facts giving rise to an exception to sovereign immunity, sovereign immunity bars these counts. *Richardson v. City of St. Louis*, 293 S.W.3d 133, 136 (Mo. Ct. App. 2009).

### CONCLUSION

Defendants City of Bridgeton and Officer Cash's Partial Motion to Dismiss is **GRANTED** (Doc. 13).

**SO ORDERED,**

This 10th day of April, 2026.

_Maria A. Lanahan_
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE

8